# Supreme Court of Louisiana

The Opinions handed down on the **15th day of October, 2014**, are as follows:

**PER CURIAM**:

2013-OB-2152      IN RE: COMMITTEE ON BAR ADMISSIONS CFN-2792

> After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner is eligible to be admitted to the practice of law in Louisiana. Accordingly, it is ordered that the application for admission be and hereby is granted.
> ADMISSION GRANTED.
>
> VICTORY, J., would deny admission.
> GUIDRY, J., dissents and would deny admission.
> CLARK, J., would deny admission and assigns reasons.

SUPREME COURT OF LOUISIANA

NO. 13-OB-2152

IN RE: COMMITTEE ON BAR ADMISSIONS CFN-2792

ON APPLICATION FOR ADMISSION TO THE BAR

PER CURIAM

The Committee on Bar Admissions ("Committee") opposed petitioner's application to sit for the Louisiana Bar Examination based on character and fitness concerns relating to his prior criminal history and his military disciplinary history. In addition, the Committee cited a finding by the Texas Board of Bar Examiners that petitioner had failed to fully and accurately disclose his criminal and military disciplinary history on his law school application and on his bar application in Texas. We subsequently granted petitioner permission to sit for the bar exam, with the condition that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence.

Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we remanded this matter to the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation and appointed a commissioner to take character and fitness evidence. Following the proceedings, the commissioner filed his report with this court, recommending petitioner be admitted to the practice of law. Neither party objected to this recommendation; however, on its own motion, this court ordered the matter docketed for oral argument.

After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner is eligible to be admitted to the practice of law in

Louisiana. Accordingly, it is ordered that the application for admission be and hereby is granted.

**ADMISSION GRANTED.**

SUPREME COURT OF LOUISIANA

NO. 2013-OB-2152

IN RE: COMMITTEE ON BAR ADMISSIONS CFN-2792

ON APPLICATION FOR ADMISSION TO THE BAR

**Guidry, J.**, dissents and would deny admission.

10/15/14

Clark, J., dissenting.

I voted to deny petitioner's request to sit for the bar exam, I voted to deny petitioner's application for the appointment of a commissioner, and, for the same reasons, I would deny admission.

Petitioner has a record of both civilian criminal conduct and military criminal conduct.  Further, and perhaps more seriously, petitioner shown a pattern of dishonesty by failing to report his complete criminal history and/or his employment history on his law school admission, his application for admission to the Texas Bar, and his application for admission to the Louisiana Bar.

A license to practice law in Louisiana is a privilege, not a right, and petitioner has shown by his illegal and dishonest conduct that he is not entitled to that privilege.  By admitting petitioner to the Louisiana Bar, the Court is lowering the standards demanded of members of the Bar.